**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Phone:  (818) 347-3333
Fax:    (818) 347-4118
*Attorneys for Plaintiff*, CHRISTY MILES

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA 94588
Telephone: (510) 999-7908/Facsimile: (510) 999-7918
*Attorneys for Defendant* COUNTY OF ALAMEDA, SMITH, MITCHELL, SABLAN, HERRERA, TEVES, and LORIER

LINDSEY M. ROMANO (SBN: 337600)
ALLISON J. BECKER (PRO HAC VICE)
**GORDON REES SCULLY MANSUKHANI, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
lromano@grsm.com
*Attorneys for Defendant* CFMG, MARIA MAGAT, and CAROL STEVENSON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTY MILES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF ALAMEDA; CALIFORNIA FORENSIC MEDICAL GROUP, INC.; ALEXANDER SMITH; RACHEL MITCHELL; DANIEL SABLAN; DANIEL HERRERA; MICHAEL TEVES; MALIK JACKSON; DEVIN LORIER; TARA ROCKER; MARIA MAGAT; CAROL STEVENSON; ELIAS ABOUJAOUDE; TERESITA PONTEJOS-MURPHY; JENNIFER MCQUADE,<br><br>　　　　　Defendants. | **Case No.: 3:22-cv-06707-WHO**<br>[*Honorable William H. Orrick*]<br>**JOINT CASE MANAGEMENT STATEMENT**<br>Complaint: 10/31/22<br>FAC: 12/29/22<br>SAC: 07/25/23<br>Further Case Management Conference: 03/05/24 at 2:00 p.m. |

JOINT CASE MANAGEMENT STATEMENT

Pursuant to this Court's September 12, 2023 Order (Doc. 71), the parties, Plaintiff Christy Miles ("Plaintiff"), and Defendants County of Alameda ("County"), Alexander Smith, Rachel Mitchell, Daniel Sablan, Daniel Herrera, Michael Teves, Devin Lorier, California Forensic Medical Group, Inc. ("CFMG"), Maria Magat, and Carol Stevenson (together called "Defendants") submit the following Joint Case Management Statement, by and through their respective counsel of record:

## 1. JURISDICTION AND SERVICE:

### A. Statement of Jurisdiction:

This civil action is brought for alleged deprivations of the constitutional rights as protected by 42 U.S.C. §§1983, 1985, 1986, 1988, and the Eighth and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States and the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

Plaintiff does not believe that there are any issues related to personal jurisdiction or venue.

### B. Statement of Service:

Defendant County of Alameda, Smith, Mitchell, Sablan, Herrera, Teves, and Lorier have been served and have filed their Answer (Docs. 59, 78).

Defendants CFMG, Magat, MD, and Stevenson have been served and have filed their Answer (Docs. 58).

Defendant Tara Rocker and Malik Jackson were served and have not filed an Answer. County Defendants dispute that Jackson was properly served. Nevertheless, in spite of defective service, counsel for County Defendants will also

be representing Jackson and will be filing a responsive pleading on his behalf shortly.

Defendants Tara Rocker; Malik Jackson; Elias Aboujaoude; Teresita Pontejos-Murphy; and Jennifer Mcquade did not participate in the filing of this Case Management Statement as they have not appeared in the case.

**2.  FACTS:**

**A.  Parties:**

<u>Plaintiff</u>:   Christy Miles (natural mother of Decedent Devin West).

<u>Defendants</u>:   County of Alameda; California Forensic Medical Group, Inc.; Alexander Smith, Rachel Mitchell, Daniel Sablan, Daniel Herrera, Michael Teves, Devin Lorier; Malik Jackson; Tara Rocker; Maria Magat; Carol Stevenson; Elias Aboujaoude; Teresita Pontejos-Murphy; and Jennifer Mcquade.

**B.  Brief Chronology of Facts:**

*1.  Plaintiff's Statement*:

This civil rights and state tort action arises from the vicious in-custody beating death of Decedent Devin West on November 15, 2021, by his cellmate, Emil Cochran ("Cochran"). Plaintiff contends that Defendants knew Cochran posed a substantial risk of harm to Decedent, knew that Cochran suffered from serious mental illness and had a history of violent conduct. Further, Defendants knew that Decedent was particularly vulnerable, knew that the thinly built Decedent had a serious mental illness, had bizarre behavior that was likely the catalyst for cellmates starting fights with him, continuously had to defend himself from each cellmate Defendants intentionally housed with him and requested a single cell due to his situation and condition. Additionally, Defendants knew that there was a substantial risk of harm given the known conditions of confinement including Defendants failure to conduct proper cell checks, inmates housed on lock down for twenty-two hours per day, which can cause further psychological harm and tension among

cellmates, and that there was space to house Decedent in a single cell for his safety, care, and accommodation.

Plaintiff contends that Defendants were deliberately indifferent by failing to protect, care for, and accommodate Decedent when they chose to house Cochran in his cell, without adequate supervision and monitoring, giving Cochran the opportunity to murder Decedent, which he did while Defendant deputies were deliberately indifferent in their failure to monitor the cells. Further, Plaintiff contends that this is part of County of Alameda's long history of constitutional violations including conditions of confinement, inadequate mental health services, inadequate housing, and care of inmates with mental health needs, such as Decedent. For Santa Rita Jail has reportedly the highest death rate in any county.

Plaintiff brings the following claims for relief against Defendants: (1) Interference with Familial Relations; (2) Failure to Protect; (3) Denial of Medical Care; (4) Supervisor Liability; (5) Municipal Liability for Inadequate Training; (6) Municipal Liability for Unconstitutional Custom, Practice or Policy – all pursuant to 42 U.S.C. §1983; (7) violation of the Americans with Disabilities Act; (8) Negligence; and (9) violation of the Bane Act.

2.  *Defendants' Statement:*

Defendants deny Plaintiff's allegations and assert that their conduct was lawful, reasonable, and not in violation of Plaintiff or Decedent's rights. Defendants further dispute Plaintiff's characterization of the facts and also dispute Plaintiff's claimed damages. The incident was not foreseeable and appears to have been the result of sudden, unexpected and deliberate action by Decedent and Cochran, not deliberate indifference by Defendants or any of their employees. After discovering the incident between Decedent and Cochran, Defendants and their employees responded reasonably. Plaintiff also failed to exhaust her administrative remedies. Further, the individual Defendants are entitled to qualified immunity as their actions

were objectively and subjective reasonable given the information known to them and the law as established at the time of the incident.

### C. Statement of the Principal Factual Issues in Dispute:

#### 1. *Plaintiff's Statement:*

Plaintiff believes that the principal factual issue in dispute is whether Defendants knew that Cochran posed a substantial risk of harm to Decedent and whether Defendants were deliberately indifferent to the protection, care, and accommodation of Decedent.

#### 2. *Defendants' Statement*:

Plaintiff's claims raise at least the following factual issues: 1) the information actually known to individual defendants and whether as to each defendant such information objectively established a substantial risk of serious injury that defendant was subjectively deliberately indifferent to, 2) whether prior to the incident there was a specific threat of harm specifically directed at Decedent, 3) whether any action by Defendants "shocks the conscience," 4) identification by Plaintiff of the training, supervision, customs, practices, and/or policies that Plaintiff contends were deficient, the basis for that claim of deficiency, and an explanation of how any deficiency was deliberately indifferent to and caused the incident, 5) the nature and extent of Decedent's alleged mental health condition, including whether it would have necessarily prevented him from complying with jail rules and policies and required different accommodation, 6) what additional jail service, program or activity Decedent actually sought access to, and 7) whether Decedent reasonably made any request for accommodation or grievance prior to his death related any condition within the jail.

## 3. LEGAL ISSUES:

### A. Plaintiffs' Statement of Disputed Points of Law:

The key legal issue in this case is whether Defendants were deliberately indifferent to the care and protection of Decedent Devin West. Other legal issues

include whether Defendants denied Decedent medical care; whether Defendants interfered with Plaintiff's familial relationship; whether Defendant County maintained an unconstitutional custom, practice or policy; whether Defendant County failed to adequately train its officials; whether Defendants were negligent in their actions and inactions; whether Defendants violated the Bane Act; and whether Defendant Conty violated the Americans with Disabilities Act.

### B. Defendants' Statement of Disputed Points of Law:

Plaintiff's claims raise at least the following legal issues: 1) whether Decedent intentionally instigated the incident, 2) whether Defendants had actual knowledge of an objectively substantial risk of serious injury to Decedent, 3) whether Defendants had subjective knowledge of a substantial risk of serious injury to Decedent, 4) whether Defendants were deliberately indifferent to that risk, 5) whether any action by Defendants caused the incident, 6) whether any action by Defendants "shocks the conscience" as necessary for Plaintiff's familial association claim, 7) whether Decedent received adequate medical care, including whether Decedent displayed a serious medical need and whether Defendants' response to any such need was deliberately indifferent, 8) whether Defendants' training, supervision, customs, practices, and/or policies were deliberately indifferent to a substantial risk of serious injury to Decedent and caused the incident, 9) whether Decedent was a qualifying individual with a disability under the Americans with Disabilities Act ("ADA"), 10) whether Decedent made any request for accommodation or sustained any compensable disability based damage under the ADA prior to his death, 11) whether Decedent was excluded from any service, program or activity based upon any disability, 12) whether any such exclusion was reasonable in a prison setting, 13) whether a special relationship creating a duty to protect existed between Decedent and/or Plaintiff and each individual defendant, 14) whether prior to the incident there was a specific threat of harm specifically directed at Decedent, and 15) whether any individual defendant through violence or threats of violence,

threatened, intimidated, or coerced Decedent with the particular purpose of depriving Decedent of his constitutional rights.

Defendants contend that additional issues for adjudication include 16) whether Plaintiff exhausted her administrative remedies, including under the Prison Litigation Reform Act ("PLRA"), 17) whether the individual Defendants are entitled to qualified immunity, and 18) whether all Defendants are immune to Plaintiff's claims.

**4.     MOTIONS:**

   **A.     Statement of Prior and Pending Motions:**

On December 8, 2022, Defendant County filed a motion to dismiss Plaintiff's Complaint (Doc. 18.) During the briefing process, the parties met and conferred and on December 22, 2022, filed a stipulation for Plaintiff to file her First Amended Complaint ("FAC") (Doc. 21.) Plaintiff filed her FAC on December 29, 2022 (Doc 24.) Thereafter, on January 26, 2023, Defendant County filed its motion to dismiss Plaintiff's FAC (Doc. 28.) On April 3, 2023, the Court issued its Order granting in part and denying in part County's Motion to Dismiss and granted Plaintiff leave to amend (Doc. 42.). On July 25, 2023, Plaintiff filed her Second Amended Complaint (Doc. 49.) On September 5, 2023, Defendants CFMG, Magat, Stevenson and Yune filed their Answer. (Doc. 58.) On September 5, 2023, Defendant County filed its Answer. (Doc. 59.) On November 9, 2023, the individual County Defendants Smith, Mitchel, Gabriel, Solopow, Sablan, Herrera, Teves, Santiago, Lorier, and Galindo filed their Motion to Dismiss. (Doc. 72.) The Court granted in part and denied in part Defendants' Motion to Dismiss. (Doc. 77.) There are no other pending motions.

   **B.     Statement of Anticipated Motions:**

      1.     *Plaintiff's Statement:*

Plaintiff contends that there are several necessary documents that have not been produced to Plaintiff either according to Rule 26 or in response to Plaintiff's requests for production. Plaintiff contends that Defendants agreed to release certain

documents with a Court Order to do so and that they would draft a proposed order for that purpose. This now appears to be in dispute. Nevertheless, this Court's prior Order instructed the parties to "meet and confer and submit an agreed upon proposed order/release to allow defendants to release information regarding the plaintiff's cell mate and other relevant inmates." (Doc. 71.) Plaintiff has requested several times a draft proposed order that defense counsel indicated they have used on prior occasion in order to confer on the issue; however, no draft has been sent. Thus, Plaintiff may be forced to initiate the Court's procedures for a Joint Letter Brief regarding a discovery dispute in order to receive all of the documents in this matter. Plaintiff also anticipates filing motions *in limine*.

        2.      *Defendants' Statement:*

Defendants anticipate filing motions for summary judgment. Defendants believe an early dispositive motion addressed to whether Plaintiff exhausted her administrative remedies would streamline this action.

County Defendants dispute Plaintiff's characterization of County Defendants' statements regarding the private, confidential records, including medical records, of other inmates. During prior discussions, counsel for County Defendants simply indicated that County Defendants would agree to the entry of a Stipulated Protective Order, which would govern the production of documents in this action. Counsel for County Defendants also agreed to inquire as to whether they could voluntarily disclose the requested information, but later confirmed, and conveyed to Plaintiff's counsel, that counsel for County Defendants cannot produce any inmate's records without their consent or a Court order, particularly where the records include significant medical and other confidential information. County Defendants cannot voluntarily produce these records.

CFMG Defendants have also informed Plaintiff's counsel that they are unable to produce records of other patients without the patient's consent or a Court Order.

1       Additionally, as counsel for County Defendants has conveyed to Plaintiff's counsel, Decedent's cellmate, Emil Cochran, who is accused of killing Decedent, is currently pending trial on the related criminal charges and it is understood there is a concern regarding his competence.  This further implicates the requested records and County Defendants believe a stay of the case is necessary as a result.  Cochran is a key witness but counsel will likely be unable to depose him until his criminal proceedings have concluded.

**5.    AMENDMENT OF PLEADINGS:**

      Plaintiff does not anticipate any further amendment to the pleadings at this time. However, given that there are records and videos that have not been produced to Plaintiff, Plaintiff has not had the opportunity to fully review the discovery and identify whether the pleadings need to be amended.

      County Defendants dispute Plaintiff's contention here.  County Defendants have produced anything and everything which County Defendants are required to produce.  Plaintiff has had all relevant and discoverable information for a significant period of time, including before Plaintiff filed her operative Second Amended Complaint, and the time to amend has long since passed.  County Defendants will oppose any further attempt to amend the complaint.

**6.    EVIDENCE PRESERVATION:**

      The Parties certify that counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that the Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.    DISCLOSURES:**

      The parties exchanged Initial Disclosures on September 11, 2023.

///

**8.    DISCOVERY:**

    **A.    Discovery Taken to Date:**

The parties are currently engaged in written discovery.

    **B.    Scope of Anticipated Discovery:**

        *1.    Plaintiff's Statement*:

Plaintiff anticipates conducting discovery regarding the facts and circumstances of the incident that forms the basis of this lawsuit related to Plaintiff's claims as set forth above, to include information related to Decedent, information related to Cochran, information related to the beating death of Decedent by Cochran, information related to the individual Defendants' training and policies. Plaintiff will also conduct discovery related to her individual damages, Decedent's survival damages, and punitive damages. Plaintiff has propounded written discovery and will continue to conduct discovery through written requests for admission, requests for production, interrogatories, and subpoenas as necessary. Plaintiff has also noticed the depositions of several defendants and are in the process of confirming their dates of availability.

        *2.    Defendants' Statement:*

Defendants anticipate proceeding with the depositions of percipient witnesses concerning the facts of this incident, and of the plaintiff and other damages witnesses. Defendants further anticipate serving written interrogatories, requests for admission and request for production of documents on the issues of liability as well as the claimed damages.  County Defendants, including the County and Teves, served their first sets of written interrogatories, requests for admission, and requests for production of documents on Plaintiff, on February 26, 2024.

    **C.    Issues with Privilege or Protection:**

On April 26, 2023, a protective order was issued by the Court which addressed the production of materials which are otherwise privileged or confidential. The parties previously anticipated a dispute regarding the production of

two discreate categories of records, including 1) records of non-parties subject to HIPAA (i.e. the medical and psychiatric records of inmates, which contain confidential healthcare and medical information), and 2) records of official law enforcement officers, which are deemed confidential under state law. As to the first category of documents (medical and psychiatric records of other inmates), the parties request the Court issue an order authorizing Defendants to disclose any such records which are relevant to the current litigation without the written consent of the patient, with all such records to be produced under the previously entered protective order.

As discussed above, Defendants cannot voluntarily agree to produce the private, confidential records of inmates without their consent or a Court order.

Also, as discussed above, the individual accused of killing Decedent, Emil Cochran, is currently pending trial on the related criminal charges and it is understood there is a concern regarding his competence.  This further implicates the requested records and Defendants believe a stay of the case is necessary as a result. Cochran is a key witness but counsel will likely be unable to depose him until his criminal proceedings have concluded.

**D.     Changes to the Limitations on Discovery:**

The parties do not anticipate any other changes to the limitations on discovery imposed under the Federal Rules or by Local Rules.

**E.     Proposed Discovery Plan:**

Plaintiff proposes that discovery be conducted in two phases: (i) fact discovery, and (ii) expert discovery. Currently, the fact discovery cut off is set for April 8, 2024. Given that all the necessary documents in this matter have not been produced and that no depositions have been taken, Plaintiff believes it may be necessary to continue the Pretrial Schedule dates by a few months.

1     Defendants are amenable to a brief continuance of the case schedule.
2 However, contrary to Plaintiff's repeated and inaccurate contention, any and all
3 relevant, discoverable documents and other materials were produced months ago.

### F. Identified Discovery Disputes:

The parties have discovery disputes relating to the issues of privileged or protected information, as stated above. Further, Plaintiff and County has discovery disputes relating to Defendant County's production of documents and responses to interrogatories. Plaintiff's counsel hopes to be able to meet and confer this week with defense counsel to find a resolution to these issues.

Counsel for County Defendants is unclear on the "disputes" to which Plaintiff's counsel is referring. County Defendants have produced any and all relevant, discoverable documents and other materials and did so months ago, before Plaintiff ever filed her operative SAC. Nevertheless, counsel for County Defendants will meet and confer with Plaintiff's counsel.

## 9. RELATED CASES:

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

Defendants contend that the criminal prosecution of Emil Cochran, who is accused of killing Decedent in the incident underlying this action, is related to this matter and dictates that this matter be stayed pending the conclusion of the criminal action. Cochran is a key witness and counsel will almost certainly be precluded from obtaining Cochran's sworn testimony until the criminal action has concluded.

## 10. RELIEF:

### A. Plaintiff's Statement of Relief Sought:

Plaintiff seeks compensatory damages according to proof at trial under federal and state law for her individual damages suffered as a result of lifelong loss of her son, and compensatory damages according to proof at trial under federal and state law for the predeath pain and suffering, loss of life, and loss of opportunity and

enjoyment of life suffered by Decedent. Plaintiff also seeks punitive and exemplary damages against the individual Defendant officials, statutory attorneys' fees, costs, and interests incurred.

A realistic range of damages which could be awarded by a jury is in excess of $3,000,000.

### B.  Defendants Contention on Damages Calculation:

Defendants deny all liability and wrongdoing for any and all of Plaintiff's claims.

## 11.  INSURANCE:

County of Alameda: The County of Alameda is self-insured.

CFMG: CMFG has a self-insured limit and excess insurance.

## 12.  STATEMENT AND ADR:

### A.  Possibility of Prompt Settlement:

*1.  Plaintiff's Statement*:

Given the expense of discovery, especially expert discovery in this matter, Plaintiff is open to early resolution. The parties have not had any discussions related to settlement at this time.

*2.  Defendants' Statement:*

Given Plaintiff's position that her "realistic" damages exceed $3,000,000, the possibility of a prompt settlement appears non-existent to County Defendants.

CFMG Defendants believe the parties have all information they need to discuss resolution and intend to comply with the Court's current mediation deadline of June 10, 2024.

### B.  ADR Plan and Compliance with Local Rule 3-5:

The Court has Ordered private mediation be completed by June 10, 2024. (Doc. 71.)

/ / /

    **C.**    **Description of Necessary Procedures to Position the Parties to Negotiate Resolution:**

        1.    *Plaintiff's Statement:*

Plaintiff contends that there are no further procedures impeding the parties' ability to negotiate a resolution. The Court has already ruled on Defendants' motions to dismiss, including with regard to the exhaustion of administrative remedies. Defendants also have in their possession all of the investigatory documents related to this incident, some of which Plaintiff's believes have not been produced to Plaintiff.

        2.    *Defendants' Statement:*

County Defendants do not believe any additional procedures would position the parties to negotiate resolution.  The problem is that the parties are simply too far apart, particularly where Plaintiff believes her "realistic" damages exceed $3,000,000.

CFMG Defendants do not believe any further procedures are necessary to position the parties to discuss resolution.

**13.**    **OTHER REFERENCES:**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**14.**    **NARROWING OF ISSUES:**

Given the present discovery disputes, Plaintiff believes it is premature to make any suggestions related to expedition of evidence at trial or to make any request to bifurcate.

Defendants contend that whether the issues can be further narrowed will depend on the depositions and discovery that will take place over the coming weeks.

/ / /

**15. EXPEDITED TRIAL PROCEDURE:**

The Parties do not believe this case is appropriate for Expedited Trial Procedures.

**16. SCHEDULING:**

The Parties propose the following modification to the schedule of dates:

| Event | Current Deadlines (Doc. 71) | Parties' Proposed Dates |
|---|---|---|
| ADR Cut-Off | June 10, 2024 | June 10, 2024 |
| Fact Discovery Cut-Off | April 8, 2024 | July 8, 2024 |
| Initial Expert Disclosures | April 29, 2024 | July 29, 2024 |
| Rebuttal Expert Disclosures | May 20, 2024 | August 19, 2024 |
| Expert Discovery Cut-Off | June 10, 2024 | September 9, 2024 |
| Hearing of Dispositive Motions | September 4, 2024 | December 9, 2024 |
| Pretrial Conference (at 2:00 p.m.) | November 4, 2024 | February 3, 2025 |
| Trial | December 2, 2024 | March or April 2025 |

Defendants are amenable to a brief continuance of the case schedule, as set forth above. Defendants are amenable to a March 2025 or April 2025 trial date.

**17. TRIAL:**

The Parties have discussed trial estimates. Plaintiff believes that trial will take 5-7 days and Defendants believe that trial will take 4-5 days, not including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury. Pursuant to the Federal Rule of Civil Procedure, all Parties demand a trial by jury.

/ / /

**18. DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

The Parties have filed their respective Certificate of Interested Entities or Persons.

Per Plaintiff: Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report.

Per Defendants: The County Defendants are a public entity and its employees. Pursuant to Civil L.R. 3-15, no disclosure is required.

**19. PROFESSIONAL CONDUCT:**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct of the Northern District of California.

Respectfully submitted,

DATED: February 27, 2024        **LAW OFFICES OF DALE K. GALIPO**

_/s/        Marcel F. Sincich_
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff* CHRISTY MILES

DATED: February 27, 2024        **ORBACH HUFF & HENDERSON LLP**

_/s/        Kevin E. Gilbert_
Kevin E. Gilbert
Attorneys for Defendant
COUNTY OF ALAMEDA

DATED: February 27, 2024        **GORDON REES SCULLY MANSUKHANI, LLP**

_/s/        Lindsey M. Romano_
LINDSEY M. ROMANO
ALLISON J. BECKER
*Attorneys for* Defendant
CALIFORNIA FORENSIC MEDICAL GROUP, INC.